**Randy L. HART, Appellee,**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE (Community College of Baltimore); James Henry, Assistant Director, Veterans Upward Bound, Community College of Baltimore, in his Individual and representative capacity, Appellants,**

**and**

**Rafael L. Cortada, President, Community College of Baltimore in his Individual and representative capacity, Defendant.**

**No. 79–1443.**

United States Court of Appeals, Fourth Circuit.

Argued June 2, 1980.

Decided July 10, 1980.

---

John S. Wood, Asst. City Sol. (Benjamin L. Brown, City Sol., Ambrose T. Hartman, Deputy City Sol., Elise Jude Mason, Chief Sol., Baltimore, Md., on brief), for appellants.

Barbara Gold, Baltimore, Md., for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

The Mayor and City Council of Baltimore (Community College of Baltimore [CCB]) appeal from the judgment of the district court that they had engaged in job discrimination against Randy L. Hart on the basis of race or handicap. Hart had brought an action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), 42 U.S.C. §§ 1981, 1983, and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), alleging that he had been denied a position as a counselor for the Veterans Upward Bound Program at CCB because of his race or handicap.[1] The district court submitted the section 1981, 1983, and 794 claims to a jury. At the close of the evidence, the trial judge granted directed verdicts for all defendants on all issues except for a section 1983 claim against James Henry, the Assistant Director of the Program, in his individual capacity. The jury returned a verdict against Henry in the amount of $7,500.

The Title VII claim was then tried to the district judge who stated that he felt compelled to accept the earlier jury finding of discriminatory intent on the part of Henry. Judgment of $31,452 as back pay was then awarded against CCB and Henry on the Title VII action.

The gravamen of appellants' attack on this judgment is that Hart has failed to establish a prima facie case of employment discrimination by appellants on the basis of race or handicap. We agree with appellants' contention and reverse the judgment of the district court.

The evidence shows that in December 1976 a position as full-time counselor in the Program became vacant. A search committee of six persons associated with CCB and various related veterans' programs interviewed and independently evaluated 12 candidates for the opening. At the conclusion of the interviews, the evaluation sheets were collected and the tabulated results showed: Benjamin Smith (a black male)—71 points; Donette Emory Green (a black female)—70 points; Randy L. Hart (a white male)—69 points; and all other candidates less than 69 points.[2] The job was offered first to Smith, who declined it in favor of a more lucrative offer, and then to Green, who accepted it.

---

1. The handicap referred to was a rating of 30% disability due to a chemical imbalance of lithium which intermittently affects Hart's emotional state. However, the evidence at trial showed that most people familiar with Hart were unaware of this condition and that his chemical imbalance did not adversely affect his job performance.

2. It is interesting to note that Henry rated Smith first with 13 points and Green and Hart each next with 12 points.

Hart claims that Henry's racial animosity toward him was manifested in at least two ways. First Hart alleges that he was referred to as the "token white" in the Program. And second, he contends that Henry's racial bias toward him infected and dominated the evaluation of the search committee by means of an existing "old boy network."

Our review of the record fails to disclose any evidence of employment discrimination on the basis of race or handicap[3] under any of appellee's legal theories. The term "token white" was apparently used by some of Hart's coworkers, and Henry had made passing reference to their remarks during conversations with Hart. However, even if Henry had called Hart a "token white," there is nothing in the record to support the contention that Henry's racial prejudice, if any, had any bearing on the actions of either the search committee or CCB. The allegation of an "old boy network" was based on mere speculation, and there was no evidence that Henry influenced the members of the search committee to reject Hart because of his race or handicap.

The district court therefore committed two errors. First, it failed to grant a directed verdict for Henry in his individual capacity when, as a matter of law, Hart had not shown a prima facie case of discrimination by Henry based on race or handicap. Second, the trial court compounded its initial error by imputing the prior jury finding of Henry's discriminatory intent to the entire search committee and CCB in the Title VII claim without making an independent review of the evidence.

Accordingly, we hold that as a matter of law Hart has failed to establish a prima facie case of race or handicap discrimination regarding employment as a counselor and that the lower court should have granted a directed verdict for all defendants in this action. Therefore, the judgment of the district court is reversed and the complaint dismissed.

*REVERSED.*

---

3. During oral argument on appeal, counsel for Hart conceded that no genuine claim existed for employment discrimination on the basis of

handicap. Thus, we do not further address the merits of this issue.